**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CASE NO.: 1:2023-CV-02627**

MORGAN HOWARTH,

       PLAINTIFF,

v.

SAM RAMIS f/k/a SAEID BEYRAMI,

       DEFENDANT.

_____

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**
**OR EXTENSION OF TIME TO SERVE DEFENDANT**

Plaintiff Morgan Howarth by and through his undersigned counsel, hereby moves this Honorable Court for authorization to serve Defendant Sam Ramis through alternative means or, alternatively, for an extension of time to serve Defendant through the formalities of the Hague Convention.  As grounds Plaintiff states as follows:

**I.**    **Introduction**

The facts of this case are relatively straightforward. Plaintiff created a series of photographic images, registered them with the Copyright Office, and Defendant Ramis preproduced, displayed, and distributed six of those images for the promotion

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

of his business.  *See* Complaint, ECF 1, at ¶¶ 11-22.  While Plaintiff obtained a default judgment against Defendant Ramis' company Hero Build Solutions, LLC, for the unauthorized copying of the six photographs, Plaintiff Howarth later discovered the personal involvement of Defendant Ramis to the infringing activity, as well as the alter-ego relationship between Defendant Ramis and his company showing that Defendant Ramis used his company as a business conduit for fraudulent purposes.  *Id*. at ¶¶ 26-29.  Accordingly, Defendant Ramis is personally liable for the infringing activity of his company described in the prior litigation.

Defendant Ramis is an individual who, upon information and belief, lived and conducted business in this district during the time frame of the infringing activity described in the Complaint.  *Id*. at ¶ 10.  But despite varied and repeated efforts to serve Defendant Ramis through a process server at multiple addresses connected to Defendant Ramis and his business, Plaintiff has been unable to serve Defendant Ramis to initiate these proceedings.  *See, Declaration of Joel Rothman*, attached as **Exhibit 1** ("Rothman Decl."), ¶¶ 1-2.  In fact, despite participating in his company's bankruptcy proceedings in the U.S. Bankruptcy Court for the Northern District of Georgia, Defendant Ramis has avoided personally appearing at any address or location where service of process could be completed.  In fact, Plaintiff has learned that Defendant may have left this District and this country after learning about the

matters against him, moving to Turkey.  Rothman Decl., ¶¶ 1-2.  Accordingly, and for the reasons set forth more fully herein, Plaintiff requests an order authorizing service of process on Defendants via electronic mail, pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II.   Argument

As set forth by the Federal Rule of Civil Procedure 4(f)(3), "a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Similarly, the Rules provide that foreign corporations may be served in the same manner as individual defendants. *See* Fed. R. Civ. P. 4(h)(2). There is no requirement that a Plaintiff attempt service by all methods outlined in Rule 4(f) before asking the Court to intervene. *In re One Apus Container Ship Incident on November 30, 2022*, 2022 U.S. Dist. LEXIS 217757, at *28 (S.D.N.Y., Dec. 2, 2022) (citation omitted). Rather, the plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *Prewitt Enters., Inc. v. Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003).

As stated, Plaintiff has attempted traditional means of service multiple times, and Defendant Ramis, now possibly living in Turkey, is aware of these proceedings

as described by his company's counsel in the pending bankruptcy proceedings. *In re: Hero Build Solutions, LLC*, Case 23-53036-JWC, at * 3-4 (Bankr. N.D. Ga. 2023) (Debtor expressing concern that making Sam Ramis appear in-person for a 2004 examination would provide information that would make it easier to serve him in this matter).  In fact, counsel for Hero Build Solutions, LLC, despite having direct contact with Mr. Ramis, has expressly refused to accept service on behalf of Mr. Ramis despite working with him on his company's bankruptcy filings. *Id*.  The difficulty in serving Mr. Ramis is likely due to the fact that since the instigation of the litigation against his company and him, Defendant Ramis may have moved out of this judicial district to Turkey. *Rothman Decl.* at ¶¶ 1-2.  Accordingly, attempting additional formal service or is not only unnecessary, but much more costly and time consuming than service by electronic mail, as Plaintiff proposes.

Rule 4(f)(3) also provides the Court with "flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *SEC v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *3 (S.D.N.Y., Feb. 8, 2009) (citation omitted). It follows that "[s]uch flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts." *Broadfoot v. Diaz (In re International Telemedia Assocs.)*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000). Moreover, "[a]

defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules." *Id*. at 722. In fact, e-mail service has proven its success within the federal court system: "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn., Mar. 17, 2010).

The Constitution does not mandate or proscribe specific methods of effectuating service. Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 (S.D. Fl., May 31, 2007) (citation omitted). In that vein, federal courts have allowed a variety of alternative service methods, including service by e-mail, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action." *See, e.g., Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *Tracfone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fl., Jan

10, 2012) (finding that service of process by e-mail was reasonably calculated to apprise the Defendants of the action and give it an opportunity to respond).

Defendant operated a business in this District which marketed and advertised itself online, and used email for business correspondence. Defendant is now willing to use technology to appear for bankruptcy hearings benefitting his own company in this District. *In re: Hero Build Solutions*, Case 23-53036-JWC, at \*4 (seeking participation at 2004 examination by Zoom). It would be inequitable to allow Defendant to use technology when it benefits him (i.e. while doing business), while simultaneously using it as a crutch (i.e. as a seemingly inadequate method of effectuating service). Further, due to the nature of his business, Defendant is no doubt familiar with navigating the World Wide Web and as such, it is more likely than not that Defendant Ramis could successfully be served via electronic communication.

Finally, service via electronic means is not prohibited by international agreement. As stated, the latest information provided to Plaintiff is that Defendant Ramis is currently residing in Turkey. *Rothman Decl.*, at ¶¶ 1-2. The United States and Turkey are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). The Hague Service Convention does not preclude the Court

6

from authorizing service of process via e-mail, and alternative means of service (such as e-mail) are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015).

Turkey has not expressly objected to electronic mail as a means of service.  In fact, in a case concerning service in Turkey, which has opted out of standard mail service under Article 10, the Eastern District of Virginia allowed service by email and through social networks, explaining that "[a]lthough Turkey has objected to the means listed in Article 10, its objection is specifically limited to the enumerated means of service in Article 10. Where a signatory nation objects to the methods of service listed in Article 10, the court can order alternative methods of service not explicitly stated in Article 10."  *WhosHere v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, at * 9 (E.D. Va. Feb. 20, 2014).

Formally effecting service upon an individual and/or corporation in Turkey through the process implemented by the Hague Convention is complex and lengthy; it is estimated that it would take six months to a year to do so. *Apus Container Ship*, 2022 U.S. Dist. LEXIS 217757, at *31. Courts "routinely permit alternative service where such multi-month delays would 'unnecessarily delay the case.'" *Id*. Allowing

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

service by electronic mail would move this case forward exponentially faster and more efficiently than any other available method, especially via the Hague Convention process.

As set forth herein, this Court is well within its authority and discretion to allow alternate means of service. In Plaintiff's extended efforts to serve Defendant Ramis through his known personal and business addresses in this District, including an extension allowed by this Court, almost five months have passed while this case has essentially laid dormant. Defendant Ramis is more than capable of receiving service by electronic mail, and there is simply no reason for more time to be lost while pursuing other prohibitive means of service.

WHEREFORE, for these reasons and those outlined above, Plaintiff Howarth respectfully requests this Court to enter an Order authorizing alternate service of process on Defendant Ramis, specifically by electronic mail.  Should the Court grant this request, Plaintiff also requests an extension of the deadline to serve Defendant Ramis by email of one month.

Should this Court decide that service by email is not authorized, Plaintiff Howarth respectfully requests an extension of six months to serve Defendant Ramis through the diplomatic processes implemented by the Hague Convention.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

DATED: November 9, 2023                Respectfully submitted,


                                       */s/ Joel B. Rothman*
                                       JOEL B. ROTHMAN
                                       Georgia Bar No. 979716
                                       joel.rothman@sriplaw.com

                                       **SRIPLAW**
                                       21301 Powerline Road, Suite 100
                                       Boca Raton, Florida  33433
                                       561.404.4350 – Telephone
                                       561.404.4353 – Facsimile

                                       *Counsel for Plaintiff Morgan Howarth*


## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C</u>

The undersigned does hereby certify that this pleading was prepared in

Times New Roman font, 14-Point, in compliance with Local Rule 5.1.C.

Dated:  November 9, 2023.                Respectfully submitted,


                                       */s/ Joel B. Rothman*
                                       JOEL B. ROTHMAN

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK